32 So.2d 783

## NIPPER v. STATE.
### 7 Div. 888.

Court of Appeals of Alabama.
Nov. 25, 1947.

Roberts, Cunningham & Hawkins, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws and Bernard F. Sykes, Asst. Attys. Gen., for the State.

BRICKEN, Presiding Judge.

This prosecution originated in the county court of Etowah County, wherein the defendant was tried and convicted of the offense of violating the prohibition laws of the State. The original complaint and warrant of arrest were proper in form and substance.

From a conviction in the county court the appellant appealed to the circuit court, and in said court was tried upon a complaint filed by the Solicitor. Said complaint was based upon the original affidavit and warrant and was also in proper form and substance.

In the circuit court the cause was tried before a jury who returned the verdict, "We the jury find the defendant guilty as charged in the complaint and assess a fine of $175.00 against him." Whereupon the court entered judgment of conviction as follows:

"It is therefore considered and adjudged by the Court that the defendant is guilty of Violating the prohibition law, as charged in the Complaint, and further that the State of Alabama, for the use of Etowah County, recover judgment against the defendant for the said sum of One Hundred Seventy-five ($175.00) Dollars, fine so assessed, together with the costs of this prosecution. It is ordered and adjudged by the Court that the defendant, Walter Nipper, be and is hereby sentenced to pay said One Hundred Seventy-five Dollar fine."

All of the proceedings in connection with the conviction of the defendant were regular and without error. But in sentencing the defendant, who failed to pay the fine and costs, or to confess judgment therefor, the trial court should have followed the provisions of Sections 338, 339 and 341, Title 15, of the Code of Alabama 1940. Section 341 is as follows:

"If the fine and costs are not paid, or a judgment confessed according to the provisions of sections 339 and 340 of this title,

the defendant must either be imprisoned in the county jail or, at the discretion of the court, sentenced to hard labor for the county as follows: If the fine does not exceed twenty dollars, ten days; if it exceeds twenty dollars and does not exceed fifty dollars, twenty days; if it exceeds fifty and does not exceed one hundred dollars, thirty days; if it exceeds one hundred and does not exceed one hundred and fifty dollars, fifty days; if it exceeds one hundred and fifty, and does not exceed two hundred dollars, seventy days; if it exceeds two hundred and does not exceed three hundred dollars, ninety days; and for every additional one hundred dollars, or fractional part thereof, twenty-five days."

Section 342, Title 15, Code of Alabama 1940, which section is as follows:

"If, on conviction, judgment is rendered against the accused that he perform hard labor for the county, and if the costs are not presently paid or judgment confessed therefor, as provided by law, then the court may impose additional hard labor for the county for such period, not to exceed ten months, as may be sufficient to pay the costs, at the rate of seventy-five cents per day, and the court must determine the time required to work out such costs at that rate; * * *"

From what has been said the judgment of conviction from which this appeal was taken is hereby affirmed. The cause is remanded to the lower court for proper sentence as herein indicated.

· Affirmed. Remanded for proper sentence.